IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

PINGEL TRUCKING, LLC,

      Plaintiff,

vs.

      Case No.:

KLEIS EQUIPMENT, INC.,

      Defendant.

**DEFENDANT, KLEIS EQUIPMENT, INC.'S NOTICE OF REMOVAL FROM SHAWANO COUNTY CIRCUIT COURT TO THIS COURT**

Defendant, Kleis Equipment, Inc. ("Kleis"), through counsel, gives notice of the removal of this action to this Court from the Circuit Court for Shawano County, Wisconsin. The grounds for removal are as follows:

1. On August 29, 2023, Plaintiff, Pingel Trucking, LLC ("Pingel"), filed a Complaint against Kleis in Shawano County Case No. 2023CV136 (the "Lawsuit"). A copy of the Summons and Complaint in the Lawsuit are attached hereto as **Exhibit A**.

2. Removal of the Lawsuit is permitted under 28 U.S.C. § 1441(b) because Pingel and Kleis are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

    (a) Pingel is a limited liability company with offices of its registered agent located at W14751 School House Road, Bowler, Wisconsin 54416. (Exhibit A, Complaint, ¶ 1) Pingel's members are citizens of the State of Wisconsin and/or are not citizens of the State of New York. Pingel is therefore a citizen of Wisconsin, and not a citizen of New York, for diversity purposes.

1

(b)     Kleis is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 1837 State Rt. 49, Constantia, New York 13044. (Exhibit A, Complaint, ¶ 2)  Kleis is therefore a citizen of New York for diversity purposes.

(c)     Pingel seeks damages that exceed $75,000, exclusive of interest and costs. Pingel purchased a machine from Kleis for $175,000 (Exhibit A, Complaint, ¶ 8), and Pingel's counsel sent a demand letter seeking, among other things, Kleis' repurchase of the machine in the $175,000 sales transaction.[1]  Although Pingel's Complaint references $22,500 in out-of-pocket repair costs (Exhibit A, Complaint, ¶ 13), Pingel's counsel's demand letter attached invoices exceeding that amount, and with a further demand for additional lost revenue, any other damages available by law, and Pingel's Complaint makes reference to the amount of time the machine was not in operation.  Pingel's Complaint and its demand letter further assert tort claims, including intentional misrepresentation, and state Pingel is seeking punitive damages. *See, e.g., Turner v. GAC Star Quality, LLC*, No. 21 C 5867, 2023 WL 3226196, at *2 n2 (N.D. Ill. May 3, 2023) (amount-in-controversy threshold was satisfied due to plaintiff's request for punitive damages, because potential punitive damages awards are considered in the amount-in-controversy threshold; thus, the amount-in-controversy threshold was satisfied, even though "the Plaintiff's claim for actual damages falls below the $75,000"); *LM Ins. Corp. v. Spaulding Enters., Inc.*, 533 F.3d 542, 551 (7th Cir. 2008) (potential punitive damages that are potentially recoverable by law are considering in assessing the amount-in-controversy threshold).  By law, punitive damages may be recovered as damages for intentional misrepresentation. *Lundin v. Shimanski*, 124 Wis. 2d 175, 196, 368 N.W.2d 676, 686 (1985).

3.     This is the appropriate Court for filing a Notice of Removal under 28 U.S.C. § 1446(a), because it is the district and division where the action is pending.

4.     This removal is timely under 28 U.S.C. § 1446(b), as less than thirty (30) days have elapsed since Kleis received notice of this Lawsuit, adjusting for a weekend deadline pursuant to Fed. R. Civ. P. 6(e).  Specifically, Kleis was served with the Summons and Complaint in the Lawsuit on September 7, 2023, which was Kleis' first notice of the Lawsuit.  The thirtieth day after notice is Saturday, October 7, 2023, making the removal deadline Monday, October 9, 2023.

5.     In accordance with 28 U.S.C. §§ 1446(a) and 1447(b), all pleadings in the Lawsuit have been attached as Exhibit A.

---

[1] In candor to the Court, Pingel's counsel indicated on Friday, October 6, 2023, that Pingel was not seeking a return of the equipment.  That demand, however, has not been formally waived or released, and Pingel's counsel did not purport to waive or release the other items of damages discussed in this section.

6. In accordance with 28 U.S.C. § 1446(d), Kleis has contemporaneously filed a Notice to State Circuit Court of Filing of Notice of Removal with the Clerk of the Circuit Court for Shawano County, Wisconsin (**Exhibit B**), and has given written notice of removal to Pingel's counsel (**Exhibit C**).

WHEREFORE, Kleis requests this action proceed as properly removed from the Circuit Court for Shawano County, Wisconsin, to this Court.

Dated this 6th day of October, 2023.

    Respectfully submitted,

    ATTORNEYS FOR DEFENDANT, KLEIS EQUIPMENT, INC.

    s/ Michael D. Huitink
    Michael D. Huitink
    Wisconsin State Bar No. 1034742
    Willem J. Noorlander
    Wisconsin State Bar No. 1033089
    Stephanie Hanold Anacker
    Wisconsin State Bar No. 1051845

    SBR LAW GROUP LLC
    675 N. Barker Road, Suite 300
    Brookfield, WI 53045
    Phone: 262-513-3315
    Fax:   262-513-3318
    Email: mhuitink@sbrlaw.us
    Email: wnoorlander@sbrlaw.us
    Email: sanacker@sbrlaw.us